UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SHAUN STARK,                          )
                                      )
            Plaintiff,                )
                                      )
      v.                              ) CAUSE NO: 1:22-cv-9
                                      )
CHEWY, INC.,                          )
                                      )
            Defendant.                )

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.      Plaintiff, Shaun Stark ("Stark"), brings this action against Defendant, Chewy, Inc. ("Defendant"), for unlawfully violating his rights as protected by the Americans With Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA").

## PARTIES

2.      Stark has resided within the Southern District of Indiana at all relevant times.

3.      Defendant operates and conducts business within the Southern District of Indiana.

## JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988;  29 U.S.C. § 2617(a)(2);  and 42 U.S.C. § 12117.

5.      Stark is an "employee" within the meaning of 42 U.S.C. § 12111(4) and 29 U.S.C. § 2611(3).

6.      Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 2611(4).

7.      Stark is a qualified individual with a disability, has a record of a disability, and/or was regarded as disabled by Defendant.

8.      Between December 16, 2020, and February 28, 2021, Stark was an "eligible employee" as that term is defined by the FMLA.

9.      Stark had a "serious health condition," as that term is defined by the FMLA.

10.     Between January 1, 2020, and February 28, 2021, Defendant employed 50 or more employees within a 75-mile radius of the location at which Stark worked.

11.     Stark worked 1,250 or more hours in the 12-month period preceding February 8, 2021.

12.     Stark satisfied his obligations to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission.  The EEOC issued right-to-sue notice to Stark.  He now timely files his lawsuit.

13.     Venue is proper in this Court.

## FACTUAL ALLEGATIONS

14.     Defendant hired Stark to be an Order Fulfillment Specialist on or about December 15, 2019.

15.     Stark's work performance met, or exceeded, Defendant's legitimate expectations at all relevant times.

16.     Stark is a recovering substance abuse addict.

17.     Stark's disability has substantially limited him in at least one major life activity.

18.     On or about February 9, 2021, Stark advised Human Resources Representative Tina Johnston ("Johnston") that he and his wife would be receiving in-person treatment at a substance abuse treatment facility in California for 21-30 days starting on or about February 10, 2021.

19.     Stark told Johnston that he could receive no verbal or written communications with

anyone outside the facility for approximately 14 days.

20.     Stark's notice to Johnston constituted a request for a reasonable accommodation and for leave under the FMLA.

21.     Stark commenced his leave starting on or about February 10.

22.     On or about February 23, 2021, Stark's doctor submitted medical paperwork to Unum, which was Defendant's short-term disability leave provider, supporting his medical leave of absence.

23.     On or about February 27, 2021, Stark discovered that Defendant had canceled his medical insurance.

24.     On or about February 28, 2021, Stark spoke with Human Resources Representative Bridget (last name unknown) about the cancellation of his insurance.

25.     Bridget informed Stark that Defendant had fired him on or about February 27, 2021, because he had not returned a telephone call on or about February 13, 2021 – during the very period that Defendant was aware Stark could not participate in any verbal or written communications outside the medical facility.

26.     Stark asked for a reasonable accommodation.  Defendant did not engage in the interactive process with him and did not proffer any reasonable accommodation to him.  Instead, Defendant used the requested accommodation against him.

27.     Defendant fired Stark because of his disability, his record of a disability, its perception of him being disabled, and/or his statutorily-protected activities.

28.     Defendant interfered with Stark's FMLA rights and retaliated against him for requesting and/or taking FMLA-qualifying leave.

29.     All reasons proffered by Defendant for adverse actions taken by it regarding Stark's employment are pretextual.

30.     Stark has suffered injury as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions as a result of its unlawful acts.

## COUNT I

### DISABILITY DISCRIMINATION – ADA

31.     Stark hereby incorporates paragraphs 1-30 of his Complaint.

32.     Stark asked for a reasonable accommodation.

33.     Defendant did not provide a reasonable accommodation to Stark.

34.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Stark's rights as protected by the ADA.

## COUNT II

### DISABILITY DISCRIMINATION – ADA

35.     Stark hereby incorporates paragraphs 1-34 of his Complaint.

36.     Defendant fired Stark because of his disability, record of a disability, and/or its perception of him being disabled.

37.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Stark's rights as protected by the ADA.

## COUNT III

### RETALIATION – ADA

38.     Stark hereby incorporates paragraphs 1-37 of his Complaint.

39.     Stark engaged in statutorily-protected activities.

40.     Defendant fired Stark because of his statutorily-protected activities.

41.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Stark's rights as protected by the ADA.

## COUNT IV

## VIOLATIONS OF THE FMLA

42.     Stark hereby incorporates paragraphs 1-41 of his Complaint.

43.     Stark asked for FMLA-qualifying leave.

44.     Stark took FMLA-qualifying leave.

45.     Defendant fired Stark because of his FMLA-qualifying leave.

46.     Defendant interfered with Stark's substantive FMLA rights.

47.     Defendant fired Stark because of his FMLA requests and/or FMLA qualifying leaves.

48.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Stark's FMLA rights.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Shaun Stark, by counsel, respectfully requests that this Court find for him and order that:

1.     Defendant pay lost wages and benefits to Stark;

2.     Defendant pay compensatory and punitive damages to Stark;

3.     Defendant pay liquidated damages to Stark;

4.     Defendant pay pre- and post-judgment interest to Stark;

5.     Defendant pay Stark's attorneys' fees and costs incurred in litigating this action; and

6.     Defendant pay to Stark any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Bradley L. Wilson, Attorney No. 21154-49
Shannon L. Melton, Attorney No. 29380-49

Attorneys for Plaintiff
Shaun Stark

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:     (317)955-9500
Facsimile:     (317)955-2570
Email:          jhaskin@jhaskinlaw.com
               bwilson@jhaskinlaw.com
               smelton@jhaskinlaw.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, Shaun Stark, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Bradley L. Wilson, Attorney No. 21154-49
Shannon L. Melton, Attorney No. 29380-49

Attorneys for Plaintiff
Shaun Stark